924 F.2d 123
 18 Fed.R.Serv.3d 1222
 MAGICSILK CORP. OF NEW JERSEY, a New Jersey corporation,
Plaintiff-Appellant,
and
Kwiatt & Silverman, Limited, Counsel for Plaintiff-Appellant,
v.
Thomas G. VINSON, Alan P. Kurti, and Kurson Development Co.,
an Illinois corporation, Defendants-Appellees.
 No. 90-1722.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 14, 1991.
Decided Feb. 11, 1991.
 
 Michael Silverman, Patrick J. Kronenwetter, Scott E. Tuckman, Kwiatt & Silverman, Chicago, Ill., for plaintiff-appellant.
 Nathan H. Lichtenstein, Elizabeth Sullivan, Kevin S. Besetzny, Greenberg, Keele, Lunn & Aronberg, Chicago, Ill., for defendants-appellees.
 Michael Silverman, Patrick J. Kronenwetter, Scott E. Tuckman, Kwiatt & Silverman, Ltd., Chicago, Ill., pro se.
 Before CUMMINGS, POSNER and KANNE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case presents an issue of appellate jurisdiction neglected by the parties.
 
 
 2
 Magicsilk, a New Jersey corporation which makes artificial flowers, sued defendants in federal court for breach of contract, seeking payment for flowers delivered. On August 15, 1988, the day discovery was to be completed, The Vader Group, Inc. filed a motion to be substituted as party plaintiff. Vader represented that it had purchased the assets of Magicsilk and thus held the right to pursue Magicsilk's suit against defendants Vinson et al. The district court granted the motion to substitute.
 
 
 3
 In spite of the substitution of Vader, both parties carried on as if no substitution had occurred. Vader and Vinson referred to the plaintiff as Magicsilk. Documents from the court, too, listed Magicsilk as the plaintiff.
 
 
 4
 Vader subsequently refused to produce Magicsilk's employees for depositions, declaring that it had no means of forcing another company's employees to attend depositions.[1] Magicsilk previously had promised that the employees could be deposed. The district court judge entered an order compelling the production of the employees. When Vader defied the order, Judge Conlon dismissed the suit with prejudice. Pursuant to Fed.R.Civ.P. 37(b)(2)(E), she ordered Kwiatt & Silverman, who represented Magicsilk and Vader in succession, to pay defendants $5,638.64, the costs incurred as a result of plaintiff's failure to comply with the discovery order. The district court subsequently entered judgment against Magicsilk and the attorneys jointly and severally in the amount of $5,638.64. Magicsilk appeals from the order to compel and the dismissal. The attorneys challenge the fee award.
 
 
 5
 This Court lacks jurisdiction over Magicsilk's appeal. Only parties to a lawsuit may appeal an adverse judgment. Marino v. Ortiz, 484 U.S. 301, 304, 108 S.Ct. 586, 587, 98 L.Ed.2d 629 (per curiam ); Bense v. Starling, 719 F.2d 241, 244 (7th Cir.1983). Magicsilk Corp. of New Jersey, the only company listed on the notice of appeal, has not been a party to this suit since the district court granted Vader's motion to substitute. As Magicsilk itself acknowledges in its brief, "As of August 15, 1988, Magicsilk Corp. of New Jersey was no longer the party Plaintiff in the subject action." (Br. at 6).
 
 
 6
 The Vader Group is the only party plaintiff remaining after the substitution. But Vader is not named on the notice of appeal, and thus is barred from pursuing this action. Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (appellate court has no jurisdiction over party not specified in notice of appeal in accordance with Fed.R.App.P. 3(c)); Pride v. Venango River Corp., 916 F.2d 1250 (7th Cir.1990) (same). Indeed Vader has nothing to appeal because the district court entered its judgment against Magicsilk, not Vader.[2]
 
 
 7
 The fact that Magicsilk is not a proper appellant does not dispose of the appeal filed by its attorneys. Kwiatt & Silverman are properly before this court. The district court entered judgment against them and they are named in the notice of appeal.
 
 
 8
 We decline to reverse the award of attorneys' fees to defendants. Rule 37(b)(2)(E) permits a district court to sanction attorneys who advise their clients to disobey an order compelling discovery. Fed.R.Civ.P. 37(b)(2)(E). Kwiatt & Silverman failed to raise any objection to defendants' petition for fees in district court, though the court specifically granted plaintiff time to respond. Record at 44. After the court granted defendants' petition, Kwiatt & Silverman similarly voiced no objection. We will not consider arguments raised for the first time on appeal, except in rare cases involving jurisdiction or if justice demands flexibility. Boyers v. Texaco Refining and Marketing, Inc., 848 F.2d 809, 811 (7th Cir.1988). Though appellant now raises various objections to the fee award, Magicsilk's attorneys have waived their right to argue the issue of fees on appeal.
 
 
 9
 For the foregoing reasons, the appeal of Magicsilk Corp. of New Jersey is dismissed for lack of appellate jurisdiction, and the district court order granting defendants' petition for attorneys' fees is affirmed.
 
 
 
 [1]
 Now Vader claims that it does not possess any of the assets or operations of Magicsilk of New Jersey and is merely a shell corporation. Vader's representation to this Court is that the assets of Magicsilk of New Jersey were sold to a company named Subflower, Inc. which subsequently became Magicsilk, Inc. of Delaware. Vader, the shell corporation, apparently is descended from Magicsilk, Inc. of New York, which was plaintiff Magicsilk's parent company
 
 
 [2]
 Surprisingly Vader is not pleased that the district court entered judgment against Magicsilk rather than Vader. According to its attorneys, Vader is not content merely to escape liability. It wants to be allowed to appeal so that it can obtain a reversal of the dismissal and then pursue whatever claim it has against the defendants. Had Vader wanted to appeal the district court judgment, it could easily have done so. Vader should have moved for an amendment of the judgment under Fed.R.Civ.P. 59(e) or 60(a). Once it was correctly named as the losing party, it could have appealed by filing a notice of appeal under its own name