March 1, 1993 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1478

SHANTEE MONGA, ET AL.,

Plaintiffs, Appellants,

v.

GLOVER LANDING CONDOMINIUM TRUST, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

Before

Selya, Cyr and Boudin,
Circuit Judges.

Shantee Monga and Dharam D. Monga on brief pro se.

Philip C. Curtis, Peter L. Ebb and Ropes & Gray on brief for

appellees.

Per Curiam. The plaintiffs/appellants, Dharam and

Shantee Monga, are attorneys representing themselves pro se.

They are appealing an order of the district court awarding

the defendants/appellees attorneys' fees and costs in the

amount of $301,709.56. The fee award arose from a multiple

count complaint filed by the Mongas, in 1988, against the

condominium trust that manages the condominium complex where

the Mongas are owner/occupants, and two individuals - an

officer of that trust and the business manager of the

complex. When their case was called for trial in February

1992, the district court denied their second request for a

continuance and Mr. Monga stated that he was unready for

trial. The Mongas' complaint was then dismissed for failure

to prosecute. Similarly, we dismissed their appeal from that

order of dismissal, in May 1992, for want of prosecution.

Monga v. Glover Landing Condominium Trust, No. 92-1288 (1st

Cir. May 27, 1992). Thus, what is presently before us is

solely the appeal from the separate, and subsequent, order

awarding fees and costs to the defendants.

The Mongas have filed an extensive brief contending,

inter alia, that the defendants' fee petition is excessive

and inadequately supported and that the district court order

granting the petition is too terse to stand upon review. The

Mongas' appellate arguments fail to scale a threshold barrier

of their own making, however. Although they had the

-2-

opportunity, they failed to file any objection in the

district court in response to the quite-detailed request for

fees and costs.1 All the arguments vis-a-vis that petition

that the Mongas are now making on appeal could have, and

should have, been made to the district court. It is well

settled and oft-repeated in this circuit that "issues not

raised in the district court may not be raised for the first

time on appeal." Calvary Holdings, Inc. v. Chandler, 948

F.2d 59, 64 (1st Cir. 1991). To the point is Blum v.

Stenson, 465 U.S. 886, 892 n.5 (1984) (a party's failure to

challenge in the district court the accuracy and

reasonableness of the hours claimed in a fee petition or the

facts asserted in the affidavits accompanying that petition

waives her right to challenge on appeal the district court's

determination that the number of hours billed was

reasonable). See also Magicsilk Corp. of New Jersey v.

Vinson, 924 F.2d 123, 125 (7th Cir. 1991) (by failing to

raise any objection to the fee petition in the district

court, either prior to or after the court's ruling on that

petition, fee target has waived right to argue the issue of

fees on appeal).

1. Contrast Foster v. Mydas Assocs., Inc., 943 F.2d 139 (1st

Cir. 1991). In Foster, the losing plaintiffs filed an

opposition to the fee request and sought a hearing (which
never materialized) in the district court. Id. at 141. They

had properly preserved, therefore, a challenge to the
district court's determination.

-3-

The Mongas' complaint concerning the district court's

otherwise unexplicated endorsement of the fee petition as

reasonable fees and costs fares no better. Having failed to

object to the petition prior to the district court's action,

the Mongas further failed to ask for reconsideration and

elucidation from the district court when it entered the

order, the deficiencies of which they presently argue at

length. "[I]t is black letter law that it is a party's first

obligation to seek any relief that might fairly have been

thought available in the district court before seeking it on

appeal." Beaulieu v. United States I.R.S., 865 F.2d 1351,

1352 (1st Cir. 1989).

While we may dispense with the raise-or-waive rule in an

exceptional case to avoid a gross miscarriage of justice,

United States v. Slade, 980 F.2d 27, 31 (1st Cir. 1992), we

find no basis for the exercise of that power here. The

Mongas offer no persuasive explanation for their failure to

object below. They say that, after the court dismissed their

case for failure to prosecute, they continued settlement

negotiations2 with the defendants and that the defendants

indicated that, contingent upon execution of a settlement

agreement, they would withdraw the fee petition. No

agreement executed by both Mongas was ever reached.

2. The defendants dispute the Mongas' characterization of
the post-judgment communications as settlement
"negotiations."

-4-

That the Mongas were hoping to resolve this matter by

agreement does not excuse their failure to object to a

pending fee petition of which they were aware. Throughout

the four year odyssey of this litigation, the Mongas always

promptly and aggressively opposed motions filed by the

defendants, including a prior motion for attorneys' fees

sought in connection with a discovery dispute between the

parties. In the present instance, at the very least, they

could have, and should have, informed the district court of

the ongoing communications and asked for an extension of time

to respond to the petition or to hold the petition in

abeyance for a short period of time. To the extent that the

Mongas' present explanation implies that they were misled

during these post-judgment communications into believing that

they need not object to the fee petition, nonetheless, there

is no excuse for their failure to seek reconsideration from

the district court after it granted the petition.

Even were we to excuse the Mongas' failure to object to

the fee petition, our resulting review of the district

court's determination that the defendants' request

represented reasonable fees and costs would necessarily be

circumscribed by the procedural posture which the Mongas,

themselves, have effectuated. The facts concerning the

Mongas' conduct of this litigation, outlined in the

defendants' fee petition, are unopposed and, in any event,

-5-

are abundantly supported even by a superficial reading of the

record. We mention but a few here to illustrate:

(1) The Mongas resisted discovery until enforced by an
order of compulsion;

(2) They moved to reassign the case to another judge,
which was denied; whereupon they moved for
reconsideration, which was also denied;

(3) They moved to disqualify defendants' counsel, which
was denied; whereupon they moved for reconsideration,
which was also denied;

(4) When the court granted the Mongas' request of March
26, 1991 to continue the trial then scheduled for April
1, 1991, they were ordered to pay the expenses of one of
the defendants, who had traveled to Boston in
anticipation of, and preparation for, the April 1st
trial date. Despite repeated requests for payment by
the defendants and the court's denial of their motion
for reconsideration of this order, those expenses were
not paid until, in response to a motion for contempt
filed by defendants, the court, on October 8, 1991,
issued a further order directing the Mongas to pay the
expenses by November 1, 1991 or risk dismissal of the
case; And, finally,

(5) when the case was called for trial on Monday,
February 3, 1992, Mr. Monga, appearing alone, requested
another continuance, saying that his wife was sick and
he was not ready to try the case. None of the dozens of
proposed witnesses for the Mongas were present.
According to Mr. Monga, his wife would not be available
that week, but he hoped she would be available in the
next 30 days. When the court asked what was wrong with
her, Mr. Monga replied that she was not in the hospital
but, "I understand that she is depressed and she has
some injury." Although Mr. Monga and defendants'
counsel had engaged in settlement negotiations that
immediately preceding weekend, Mr. Monga had made no
mention of his wife's illness.

We hasten to add that we are not suggesting that

challenging discovery requests by an opposing party, filing

certain motions, such as a motion to reassign the case or to

-6-

disqualify opposing counsel, or moving to reconsider may not

be, in ordinary circumstances, appropriate litigation options

or are filed only at the risk of penalization. In these

circumstances, however, we have no cause to review the merits

of any of these motions filed by the Mongas. Their failure

to prosecute their appeal from the order dismissing their

complaint effectively forecloses any present argument that

the district court erred in any of the underlying rulings.

We could find no error in a conclusion by a district court,

with its firsthand experience with the parties, that an award

of attorneys' fees was appropriate under the sources of

authority propounded by the defendants. See, e.g.,

Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22

(1978) (a district court can award fees to a prevailing

defendant upon finding that the plaintiff's action was

frivolous, unreasonable, vexatious, or without foundation, or

that the plaintiff continued to litigate after it clearly

became so)3; Chambers v. NASCO, Inc., 111 S. Ct. 2123, 2133

(1991) (the assessment of attorney's fees to sanction a

litigant for bad-faith conduct, such as delaying or

disrupting litigation, is within a court's inherent power).

3. Christiansburg involved attorney's fees pursuant to Title

VII, but the standards for assessing fees under Title VII and
42 U.S.C. 1988 are identical. Hensley v. Eckerhart, 461

U.S. 424, 433 n.7 (1983).

-7-

Similarly, where the Mongas failed to challenge the

defendants' affidavit that the hourly rates charged were

their normal and customary billing rates or to challenge the

number of hours attested as spent on this litigation, we

would be hard pressed to find plain error or abuse of

discretion in a district court's acceptance of those

uncontested allegations as well. See McDonald v. McCarthy,

966 F.2d 112, 118-19 (3d Cir. 1992) (where a party fails to

contest the accuracy and reasonableness of the fees

requested, it waives its right to do so and the district

court is not free to disregard uncontested affidavits and

reduce the award requested unless the order is based on the

court's personal knowledge as to the time expended on the

case).

While the district court's review is "to ensure that a

fee award, overall, is justified, and that the amount of the

award comes within the realm of reasonableness, broadly

defined[,]" it is not "the court's job either to do the

target's homework or to take heroic measures aimed at

salvaging the target from the predictable consequences of

self-indulgent lassitude." Foley v. Lowell, 948 F.2d 10, 20-

21 (1st Cir. 1991).4 The Mongas' present complaint that the

4. In Foley, supra, at 19, a case involving public funding,

we endorsed the right of the district court to review a
prevailing plaintiff's fee petition and to award an amount
reduced from that sought, despite a perfunctory objection by
the losing municipality. Similarly, in Wojtkowski v. Cade,

-8-

district court's failure to articulate the basis for the

award has placed them "at a considerable disadvantage to

attack the reasonableness of the award" is disingenuous.

They had the opportunity to attack the reasonableness of the

award in the district court but rebuffed that opportunity by

failing to object or seek reconsideration. Their transparent

attempt to deflect blame for their present position onto the

district court is unconvincing. In these circumstances, we

cannot fault the district court's succinct granting of the

request in full as reasonable fees and costs. See Richmark

Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1482 (9th

Cir. 1992) (where fee target does not object to the amount of

fees claimed, the district court is not required to make

written findings on the twelve factors which it otherwise

ought to consider when calculating a fee award), cert.

dismissed, 61 U.S.L.W. 3060, 3155 (U.S. Oct. 29, 1992).

The Mongas having failed to preserve for appellate

review any issue with respect to the fee award, the district

725 F.2d 127, 130 (1st Cir. 1984), we upheld the authority of
the district court to trim an inadequately supported fee
request, despite the lack of opposition to the request from
the losing municipal officers. Compare also Weinberger v.

Great N. Nekoosa Corp., 925 F.2d 518 (1st Cir. 1991), where

we found the inclusion of a clear sailing agreement,
ancillary to a class action settlement, required heightened
judicial oversight.

-9-

court order of March 13, 1992 is, therefore, affirmed.5

Costs to defendants/appellees. We deny their request for

attorneys' fees with respect to this appeal.

Affirmed.

5. Although the Mongas' notice of appeal purported also to
appeal the May 1, 1991 order directing them to pay the travel
expenses of one of the defendants in connection with the
continuance from the original trial date of April 1, 1991,
that claim is barred from review.
First, the order complained of became final and
appealable upon entry of the district court judgment
dismissing the case for failure to prosecute. The Mongas let
their appeal from that judgment lapse in this court and we
dismissed the appeal for want of prosecution in May 1992.
They cannot resurrect that claim in this appeal from the
subsequent entry of judgment as to attorneys' fees. See,

e.g., Hamilton v. Daley, 777 F.2d 1207, 1210 (7th Cir. 1985).

In any event, having exhausted the allowed 50 pages in
their appellate brief, they attempt to raise this argument on
page 50 solely by reference to, and purported incorporation
of, record documents. As we have repeatedly said, "issues
adverted to in a perfunctory manner, unaccompanied by some
effort at developed argumentation, are deemed waived."
United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert.

denied, 494 U.S. 1082 (1990).

-10-