Gerald M. SULLIVAN, not individually but as a Trustee of Plumbers' Pension Fund, Local 130, U.A., Plumbers' Welfare Fund, Local 130, U.A., The Trust Fund for Apprentice and Journeymen Education and Training, Local 130, U.A., and Chicago Journeymen Plumbers' Local Union 130, U.A., Group Legal Services Plan Fund; The Plumbing Council of Chicagoland, and James T. Sullivan, Richard J. Martin, Henry C. Flores, John H. Kyles, James F. Holland, Edward M. Kuhn, Richard E. Kelly, William H. Ward, and Robert P. Samson, not individually but as members of the Joint Arbitration Board of the Chicago Journeymen Plumbers' Union, Local 130, U.A., Plaintiffs–Appellees,

v.

Anthony LEMONCELLO d/b/a Lemoncello Plumbing Company, Defendant–Appellant.

No. 93–3087.

United States Court of Appeals, Seventh Circuit.

Argued June 3, 1994.

Decided Sept. 28, 1994.

Paul V. Esposito (argued), Douglas A. Lindsay, Thomas M. Weithers, Blake T.

Lynch, Lewis, Overbeck & Furman, Chicago, IL, for plaintiffs-appellees.

S. Ira Miller (argued), Chicago, IL, for defendant-appellant.

Before CUDAHY and MANION, Circuit Judges, and GORDON, District Judge.[*]

GORDON, District Judge.

Defendant-appellant, Anthony Lemoncello d/b/a Lemoncello Plumbing Company ["Lemoncello"], appeals from the district court's entry of a summary judgment in favor of the plaintiffs-appellees ["the plaintiffs"] in their action to enforce two separate arbitration awards. The awards were entered against Lemoncello for his violations of a collective bargaining agreement. Lemoncello's primary contention is that the arbitration awards upheld by the district court do not draw their essence from the collective bargaining agreement. *See United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Lemoncello asks this court to reverse the judgment of the district court and remand this action for further proceedings. We decline this invitation and affirm.

## I. STANDARD OF REVIEW

■ We review a district court's decision to grant summary judgment *de novo* and apply the same standard as that employed by the district court. *Nat'l Wrecking Co. v. IBT, Local 731*, 990 F.2d 957, 960 (7th Cir. 1993); *Scherer v. Rockwell Int'l Corp.*, 975 F.2d 356, 359 (7th Cir.1992). In doing so, "we must review the record a: d all inferences drawn from it in the light most favorable to the nonmovant . . . and determine whether a genuine issue exists as to any material fact." *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir.1991) (citations omitted). We will affirm a district court's grant of summary judgment where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure.

## II. PROCEDURAL AND FACTUAL BACKGROUND

As a threshold matter, Lemoncello contends that the district court erred in granting summary judgment to the plaintiffs because genuine issues of material fact exist in the record. We find no merit to this argument.

■ Before the district court, Lemoncello did not challenge, or even make an attempt to dispute, any of the facts advanced by the plaintiffs in conjunction with their summary judgment motion. *See District Court Docket Entry ["DCDE"] # 15* and *# 18* at 1–2. Nor did Lemoncello argue to the district court, even in a conclusory fashion, as he does now, that summary judgment should be denied because of genuine issues of material fact in the record. *DCDE # 18* at 1–2. Lemoncello has waived his argument as to the presence of genuine issues of material fact because he did not preserve it for appeal by raising it before the district court. *See, e.g., Old Republic Ins. Co. v. Federal Crop Ins. Corp.*, 947 F.2d 269, 276 (7th Cir.1991) ("It is fundamental that on appeal to this court a litigant is restricted to those arguments which already have been raised at the district court level."); *Magicsilk Corp. of New Jersey v. Vinson*, 924 F.2d 123, 125 (7th Cir.1991) ("We will not consider arguments raised for the first time on appeal. . . .").

Even if we were to consider the merits of Lemoncello's argument as to the existence of genuine issues of material fact, we would reject it; our *de novo* review of the district court record reveals that, in opposition to the plaintiffs' motion for summary judgment, Lemoncello failed to "produce [any] evidentiary materials that demonstrate the existence of a 'genuine issue' for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265 (1986) (Brennan, J., dissenting).

[*] Honorable Myron L. Gordon, District Judge for the Eastern District of Wisconsin, is sitting by designation.

Rule 56(e), Federal Rules of Civil Procedure, provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Only questions of law are now before us; the facts material to the disposition of this appeal are not in dispute and are summarized below.

One of the plaintiffs, Gerald M. Sullivan, is a trustee of four multi-employer benefit funds. The four funds are the "Plumbers' Pension Fund, Local 130, U.A."; the "Plumbers' Welfare Fund, Local 130, U.A."; the "Trust Fund for Apprentice and Journeymen Education and Training, Local 130, U.A."; and the "Chicago Journeymen Plumbers' Local Union 130, U.A., Group Legal Services Plan Fund." Each fund was established pursuant to the Labor Management Relations Act, 1947, 29 U.S.C. § 186(c). Another of the plaintiffs, The Plumbing Council of Chicagoland, is an Illinois not-for-profit corporation. The remaining plaintiffs are members of the Joint Arbitration Board ["JAB"] of the Plumbing Contractor's Association and the Chicago Journeymen Plumbers' Union, Local 130, U.A. ["Union"]. Lemoncello is a plumbing contractor operating in Cook County, Illinois. *DCDE* # 10 at 1–3, *DCDE* # 11 at 1–2.

Lemoncello was a party to a collective bargaining agreement with the Union, and the plaintiffs are all associated with the Union. The collective bargaining agreement appears to have been renewed every two years. The record demonstrates that Lemoncello was a party to the collective bargaining agreement between June 1, 1988, and May 31, 1990, and between June 1, 1990, and May 31, 1992. *DCDE* # 10, exhibit A. The record also implies that Lemoncello was a party to the collective bargaining agreement prior to June 1, 1988. *DCDE* # 10, exhibit C at 1. The collective bargaining agreement required Lemoncello to make certain payments to the plaintiff funds under the terms of the agreement. *DCDE* # 10 at 3.

Article II, Section 1 of the collective bargaining agreement provides, in part, that:

> Disagreements or disputes arising under or which involve interpretation of this Agreement shall be processed and settled by arbitration in the manner wet [sic] forth in this Article.

*DCDE* # 18, exhibit # 3. Article II, Section 2 of the collective bargaining agreement provides that:

> The parties hereto agree that all arbitrable disputes arising between them shall be submitted to a Joint Arbitration Board.

*Id.* Finally, Article II, Section 6 of the collective bargaining agreement states that:

> The Joint Arbitration Board shall have full power to enforce this Agreement against offending employees and/or Employers by appropriate penalties or remedies including, without limitations, fines, replacement of defective work without pay, or other appropriate sanctions.

*Id.*

On June 3, 1992, the JAB found that Lemoncello had violated the collective bargaining agreement by having other than Local 130, U.A. journeyman do plumbing at 5749 W. Chicago Ave. and 751 through 753 N. Menard Ave. *DCDE* # 10, exhibit B at 1. The JAB found that the violation occurred between October 10, 1991, and January 1992. *Id.*

The JAB determined that pursuant to the collective bargaining agreement, Lemoncello owed the plaintiffs in this action $15,988, which was equivalent to 560 hours of wages and fringe benefits. *Id.* at 1–2. The JAB also imposed a $15,988 fine against Lemoncello that equalled the amount found owing to the plaintiffs. *Id.* at 2. The JAB further imposed an additional fine of $3,197.60 against Lemoncello; the latter sum is equivalent to ten percent of the amount due of $31,976 (i.e. $15,988 + $15,988 = $31,976) from Lemoncello. *Id.* Therefore, the total award in favor of the plaintiffs and due from Lemoncello under the JAB's June 3, 1992, decision was $35,167.60. A copy of the JAB's June 3, 1992, decision was served upon Lem-

oncello on July 1, 1992. *DCDE # 14*, exhibit B.

On August 26, 1992, the JAB again found Lemoncello in violation of the collective bargaining agreement. Specifically, the JAB determined that Lemoncello violated both the contribution and deduction sections of the collective bargaining agreement by failing to make payments for unreported hours from January 1, 1988 through April 30, 1991. *DCDE # 10*, exhibit C at 1. For such violations the JAB found that Lemoncello owed the plaintiffs $7,124.24 and also assessed an eight percent penalty of $569.94. In addition, the JAB assessed $2,576.47 in interest on the unpaid contributions at a rate of 1.5% per month. *Id.* at 1–2. Thus, the total award in favor of the plaintiffs and due from Lemoncello under the JAB's August 26, 1992, decision was $10,270.65.

On December 9, 1992, the plaintiffs commenced this action against Lemoncello to enforce the June 3, 1992, arbitration award. The district court had subject matter jurisdiction over the plaintiffs' action pursuant to 29 U.S.C. §§ 185, 1132(e)(1) and 1145. *DCDE # 1* and *# 2*. On January 19, 1993, Lemoncello filed an answer to the complaint. The answer did not include any affirmative defenses. *DCDE # 2*. At no time did Lemoncello file a motion to vacate or modify the JAB's June 3, 1992, arbitration award.

The plaintiffs subsequently filed an amended complaint on March 12, 1993, that included the plaintiffs' original claim to enforce the JAB's June 3, 1992, arbitration award (designated as count I). The amended complaint also included an additional claim to enforce the JAB's August 26, 1992, arbitration award (count II) and a third claim (count III) for an accounting plus injunctive and monetary relief. The third claim is not at issue in this appeal. *DCDE # 10*. On April 12, 1993, Lemoncello filed his answer to the plaintiffs' amended complaint and admitted receiving notice of both the JAB's June 3, 1992, and August 26, 1992, arbitration awards. *DCDE # 11* at 2–3. At no time did Lemoncello institute any legal action, file any counterclaims, allege any affirmative defenses, or file any motions to vacate or modify the June 3, 1992, or the August 26, 1992, arbitration awards of the JAB against him. *DCDE # 11*.

On June 18, 1993, the plaintiffs filed a motion for summary judgment on the ground that Lemoncello had failed to vacate, modify or correct the JAB's June 3, 1992, and August 26, 1992, arbitration awards within ninety days of receiving notice of them as required under federal law. The plaintiffs argue that this precludes Lemoncello from attacking the validity of those awards. The plaintiffs also maintain that even if Lemoncello had timely moved to vacate the JAB's arbitration awards, summary judgment should be entered in favor of the plaintiffs; this is because the awards drew their essence from the collective bargaining agreement entered into between Lemoncello and the Union, and thus are not subject to judicial review. *DCDE # 14*.

In response to the plaintiffs' summary judgment motion, Lemoncello did not offer any evidence that he had challenged the JAB's arbitration awards within 90 days of receipt of notice of them. Instead, Lemoncello raised a single issue in opposition to the plaintiffs' summary judgment motion stating that:

> The sole question to be determined by this court [the district court] is whether the language of Article Two of the collective bargaining agreement entered into between the parties and extended by Exhibit A to the complaint grants to the joint Arbitration Board the ability to enter the fines and assess the penalties which was done in the arbitration awards.

*DCDE # 18* at 2.

On July 29, 1993, the district court granted the plaintiffs' motion for summary judgment on their complaint seeking enforcement of the two arbitration awards. *DCDE # 25*. Judgment was entered on July 30, 1993. On August 26, 1993, Lemoncello filed a timely notice of appeal requesting only that the district court's order as to counts I and II of the plaintiffs' amended complaint be reversed. *DCDE # 28*. Lemoncello states in his appellate brief that he is appealing only the portion of the district court's entry of summary judgment that upholds the fines

included in the JAB's June 3, 1992, arbitration award, and the penalty with interest included in the August 26, 1992, arbitration award. *Appellant's Brief* at 13.

### III. ANALYSIS

Lemoncello's appeal presents two issues. The first issue is whether Lemoncello is barred from challenging the propriety of the JAB's June 3, 1992, and August 26, 1992, arbitration awards against him under the applicable statute of limitations. The second issue, which is arguably moot if the first issue is resolved against Lemoncello, is whether the JAB's June 3, 1992, and August 26, 1992, arbitration awards draw their essence from the collective bargaining agreement between Lemoncello and the Union, as required by *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960) and its progeny.

### A.

■ Turning first to the statute of limitations issue, the plaintiffs argue, as they did in the district court, that Lemoncello is barred from attacking the arbitration awards because he failed to challenge such awards within the required time period. The well settled case law in this circuit holds "that failure to challenge an arbitration award within the applicable limitations period renders the award final." *Int'l Union of Operating Engineers, Local 150, AFL–CIO v. Centor Contractors, Inc.*, 831 F.2d 1309, 1311 (7th Cir.1987). *See also Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co.*, 628 F.2d 1023, 1025 (7th Cir.1980) (holding that a defendant's failure to move to vacate an arbitration award "within the prescribed time period for such a motion precludes it from seeking affirmative relief in a subsequent action to enforce the award"), *cert. denied*, 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981).

■ The plaintiffs' enforcement action was brought under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which provides no period of limitations for actions challenging arbitration awards.

Timeliness under section 301 is to be determined "by reference to the appropriate state statute of limitations." *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966). This court has squarely held "that the 90–day period in the Illinois version of the Uniform Arbitration Act is the appropriate statute of limitations" for actions challenging arbitration awards brought in Illinois. *Plumbers Pension Fund, Local 130, U.A. v. Domas Mechanical Contractors, Inc.*, 778 F.2d 1266, 1268 (7th Cir.1985).

■ The record in this case clearly establishes that Lemoncello did not seek vacation of either arbitration award within 90 days of receiving notice of such awards. Accordingly, we hold that Lemoncello's failure to seek vacation of the arbitration awards within the 90-day limitation period prescribed by the Illinois Uniform Arbitration Act, 710 ILCS 5/12(b) (West 1994), bars it from challenging the plaintiffs' action to enforce the awards, and the district court's judgment will be affirmed. Notwithstanding the inevitability of our holding above, Lemoncello makes several arguments in an effort to encourage this court to tiptoe around the established case law reflected in *Jefferson Trucking, Centor,* and *Domas.*

As a preliminary matter, Lemoncello has arguably waived his opportunity to present any arguments to this court concerning the statute of limitations issue because he did not contest that issue in the district court. This is especially true because the plaintiffs' summary judgment motion was based largely on the *Jefferson Trucking, Centor,* and *Domas* authority. *See, e.g., Old Republic,* 947 F.2d at 276; *Magicsilk Corp.,* 924 F.2d at 125. Nevertheless, we will address a few of Lemoncello's arguments in support of his contention that the 90–day statute of limitations for challenging arbitration awards is inapplicable in this action.

Lemoncello argues that the 90–day limitation period found in the Illinois Arbitration Act does not apply to enforcement actions brought pursuant to collective bargaining agreements because the language of that act provides by its own terms that, "[n]othing in

this Section or any other Section of this Act shall apply to the vacating, modifying, or correcting of any award entered as a result of an arbitration agreement which is a part of or pursuant to a collective bargaining agreement...." 710 ILCS 5/12(e) (West 1994). However, this court has already rejected this argument in holding that the "language in the Illinois Arbitration Act excluding collective bargaining agreements [does] not preclude our borrowing of the 90–day period to apply to federal causes of action under section 301 of [Title 29]." *Centor*, 831 F.2d at 1311–12.

▪ Lemoncello next attempts to circumvent the holding of *Centor* by arguing that it should be reexamined in light of a subsequent Illinois appellate decision ruling that under Illinois law the procedures of the Illinois Arbitration Act are inapplicable to attempts to modify or correct arbitration awards arising out of collective bargaining agreements. *See Board of Education of the City of Chicago v. Illinois Educational Labor Relations Board,* 170 Ill.App.3d 490, 498, 120 Ill.Dec. 681, 686, 524 N.E.2d 711, 716 (1988). This argument also fails, however, because "we are not bound by a state's interpretation of how to apply its statute of limitations when we borrow to fill a statute of limitations gap in federal law." *Teamsters Local No. 579 v. B & M Transit, Inc.,* 882 F.2d 274, 277 (7th Cir.1989).

▪ In his brief, Mr. Lemoncello asserts at page 32: "In short, there was no subject matter jurisdiction." A question as to the court's jurisdiction can be raised at any time. *Sheet Metal Workers Local Union No. 20 v. Baylor Heating and Air Conditioning, Inc.,* 877 F.2d 547, 556 (7th Cir.1989). However, it is clear that the defendant's "jurisdictional" quarrel is only as to the arbitrator's authority to award fines and penalties under the arbitration agreement.

*Sheet Metal* involved a question as to whether the district court had jurisdiction under § 301 of the National Labor Management Relations Act over a dispute involving an agreement made by the parties under § 8(f) of the National Labor Relations Act. *Sheet Metal,* 877 F.2d at 553. The defendant-appellant's position is a challenge to the

authority of the JAB to impose fines and penalties; it is not a true challenge to the court's basic jurisdiction. As such, *Sheet Metal* is not applicable because the agreement in question unequivocally grants broad jurisdiction to the arbitration board.

### B.

▪ Although we are not obligated to do so in light of our disposition of the statute of limitations issue discussed above, *see, e.g., Domas,* 778 F.2d at 1268, for the sake of completeness, we elect to address what we consider to be Lemoncello's central contention on appeal, namely, that the JAB's arbitration awards do not draw their essence from the collective bargaining agreement. Specifically, Lemoncello argues that the $19,-185.60 in fines assessed in the JAB's June 3, 1992, total arbitration award of $35,167.60, and the $3,146.41 in penalties with interest assessed in the JAB's August 26, 1992, total arbitration award of $10,270.65, do not draw their essence from the collective bargaining agreement entered into between Lemoncello and the Union. We do not agree.

▪ The limited scope of judicial review of arbitration awards is well settled. The Supreme Court has reiterated this longstanding principle:

> To resolve disputes about the application of a collective bargaining agreement, an arbitrator must find facts and a court may not reject those findings simply because it disagrees with them. The same is true of the arbitrator's interpretation of the contract. The arbitrator may not ignore the plain language of the contract; but the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject the award on the ground that the arbitrator misread the contract.

*Paperworkers v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987). An "arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice." *Id.* However, "as long as the

arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," a court cannot overturn an arbitration award. *Id.*

Judicial review of arbitration awards is limited. *See, e.g., Nat'l Wrecking,* 990 F.2d at 960; *Polk Bros. v. Chicago Truck Drivers Union,* 973 F.2d 593, 596 (7th Cir. 1992); *Chicago Typographical Union v. Chicago Sun–Times,* 935 F.2d 1501, 1505 (7th Cir.1991). We will uphold "an arbitrator's award based upon a misreading of the contract so long as the arbitrator's interpretation is derived from the language of the contract." *Polk Bros.,* 973 F.2d at 597. As we said in *Ethyl Corp. v. United Steelworkers of America,* "[i]t is only when the arbitrator *must* have based his award on some body of thought, or feeling, or policy, or law that is outside the contract" that the award can be said not to draw its essence from the collective bargaining agreement. 768 F.2d 180, 184–85 (7th Cir.1985), *cert. denied,* 475 U.S. 1010, 106 S.Ct. 1184, 89 L.Ed.2d 300 (1986). Furthermore, "[w]e resolve any reasonable doubt about whether an award draws its essence from the collective bargaining agreement in favor of enforcing the award." *Polk Bros.,* 973 F.2d at 597.

Lemoncello suggests that the JAB's arbitration awards do not draw their essence from the collective bargaining agreement because there is no objective basis in the collective bargaining agreement stating when fines, penalties and interest may be awarded. This argument is flawed because a stated "objective basis" in the collective bargaining agreement for when fines, penalties, and interest may be awarded is not necessary under the law. All that is required is that "the arbitrator's interpretation [of the collective bargaining agreement] is derived from the language of" that agreement. *Ethyl Corp.,* 768 F.2d at 185. As will be illustrated below, the JAB's interpretation of the collective bargaining agreement and its arbitration awards satisfied this standard.

Lemoncello's "objective basis" contention also lacks merit because the very purpose of arbitration is to bridge any gaps in contractual language including the lack of a clearly defined "objective basis" in the collective bargaining agreement defining the circumstances for awarding fines, penalties and interest. *See Chameleon Dental Products, Inc. v. Jackson,* 925 F.2d 223, 225 (7th Cir. 1991) (noting that where "contractual voids exist, arbitrators are given wide latitude in fashioning an appropriate remedy"); *Lancaster v. Norfolk and Western Ry. Co.,* 773 F.2d 807, 814 (7th Cir.1985) ("The business of arbitrators, commercial or labor, is to interpret contracts"), *cert. denied,* 480 U.S. 945, 107 S.Ct. 1602, 94 L.Ed.2d 788 (1987).

In a further effort to bolster his claim that the JAB's arbitration awards did not draw their essence from the collective bargaining agreement, Lemoncello points to the fact that the two awards did not include an explanation of the JAB's reasoning in penalizing Lemoncello for his violations. This contention is a red herring because "arbitrators have no obligation ... to give their reasons for an award." *Enterprise Wheel,* 363 U.S. at 598, 80 S.Ct. at 1361; *Shearson Hayden Stone, Inc. v. Liang,* 653 F.2d 310, 312 (7th Cir.1981).

Lemoncello places emphasis on the fact that the arbitration awards include a punitive component. In support of his theory, Lemoncello relies on case law involving arbitration awards that were not enforced because the awards each had a punitive element not authorized by the particular collective bargaining agreement at issue. *See, e.g., Bacardi Corp. v. Congreso de Uniones Industriales,* 692 F.2d 210, 214 (1st Cir.1982). However, such case law is not relevant to the disposition of the instant appeal because, as already noted, the collective bargaining agreement did authorize punitive sanctions in the nature of fines and penalties with interest. Specifically, Article II, Section 6 of the collective bargaining agreement provides that (emphasis added):

> The Joint Arbitration Board shall have *full power* to enforce this Agreement against offending employees and/or Employers by *appropriate penalties* or remedies including, *without limitations, fines,* replacement of defective work without pay, or *other appropriate sanctions.*

In view of the express language of Article II, Section 6, we have little difficulty conclud-

ing that the JAB's arbitration awards draw their essence from the collective bargaining agreement.

The amount of the fine assessed against Lemoncello in the June 3, 1992, award is arguably a mite steep. However, we cannot say that this fine was excessive or that it rendered the JAB's June 3, 1992, arbitration award unenforceable because all that is required to uphold an arbitration award is a finding that the "arbitrator's interpretation can in some rational manner be derived from the collective bargaining agreement." *Nat'l Wrecking*, 990 F.2d at 960. In light of the egregious nature of Lemoncello's violation of the collective bargaining agreement (e.g. employing non-union journeymen for a total of 560 hours), we conclude that the fines and penalties imposed are rationally derived from the language of Article II, Section 6 of the collective bargaining agreement. The district court's order granting summary judgment to the plaintiffs must be affirmed on its merits.

### IV. ATTORNEYS FEES AND COSTS

The plaintiffs have requested their attorneys fees and costs in defending this appeal. Pursuant to 29 U.S.C. § 1132(g)(2)(D) and this court's decision in *Plumbers Pension Fund v. Domas Mechanical Contractors, Inc.*, 778 F.2d 1266, 1271 (7th Cir.1985), we award plaintiffs their reasonable attorneys fees and costs incurred in this appeal. We direct plaintiffs to file within twenty-one days from the date of this ruling a verified petition of fees and costs. The defendant may respond fourteen days after receipt of the plaintiffs' submission.

### V. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.