

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2002

# Pitcairn Entr v. Unvrsl Computer

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2917

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Pitcairn Entr v. Unvrsl Computer" (2002). *2002 Decisions.* Paper 365.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/365

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2917
_____

PITCAIRN ENTERPRISES, INC.
Appellant
v.

UNIVERSAL COMPUTER CONSULTING, INC. and UNIVERSAL COMPUTER
MAINTENANCE, INC., n/k/a UNIVERSAL COMPUTER SERVICES, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 00-CV-5560)
District Judge:  The Honorable James M. Kelly
_____

Argued, Thursday, April 11th, 2002

Before: McKEE and FUENTES, Circuit Judges, and POGUE, Judge*

(Opinion Filed: June 14, 2002)

_____

* The Honorable Donald C. Pogue, Judge for the United States Court of International
Trade, sitting by designation.

Donald B. Kaufman
Debra P. Fourlas (argued)
McNees, Wallace & Nurick
100 Pine Street
P.O. Box 1166
Harrisburg, Pennsylvania 17108-1166
    Attorneys for Appellant

James G. Wiles (argued)
Law Offices of James G. Wiles
P.O. Box 442
Yardley, Pennsylvania 19067
    Attorney for Appellees

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:
     This claim arises from two contracts (the 'Agreements') dated October 10, 1989,
between Pitcairn Enterprises ("Pitcairn"), a Pennsylvania car dealership, and Universal
Computer Consulting and Universal Computer Maintenance ("Universal"), two Texas-

based manufacturers and installers of inventory software for car dealers. The terms of the Agreements were extended by addendum in  March 1991.

   The Agreements allowed Pitcairn to defer a portion of its monthly payment to Universal for the first two years of the Agreements, after which Pitcairn agreed to repay the deferred amounts, plus interest, over the following sixty months. Each Agreement contained, at Section 17, a segment entitled "Dispute Resolution," that provided that all "claims, disputes, controversies and other matters," between the parties and based on the Agreement, "shall be settled by arbitration." Sections17A-G of the Agreement outline the procedure to be followed in the event that one of the parties decides to file an arbitration claim.

   On June 6, 2000, Universal commenced an arbitration proceeding with the American Arbitration Association (the "AAA") and notified Pitcairn, as required by the Agreement. On June 29th, Pitcairn filed objections to the arbitrator's jurisdiction with the AAA, claiming that Universal had waived their right to arbitration. See, Agreements  17E (stating that "[s]hould the party demanding the arbitration fail to name an arbitrator within ten days of the demand, his right to arbitration shall lapse."). Subsequently, Pitcairn moved to dismiss Universal's arbitration proceedings, based on Universal's alleged waiver and the arbitrator's resulting lack of jurisdiction. On October 17,  the arbitration panel issued an Order denying, without comment, Pitcairn's motion to dismiss.

   On November 1, 2000, Pitcairn filed its initial complaint in the District Court, requesting that the Court enjoin the arbitration proceedings based, once again, on Universal's alleged waiver and the arbitration panel's resulting lack of jurisdiction. On January 3, 2001 Pitcairn filed a motion for a Temporary Restraining Order (TRO) to stay arbitration proceedings pending the resolution of its preliminary injunction motion. On January 4, 2001, the District Court denied Pitcairn's TRO as well as its motion for a preliminary injunction and suggested that the parties file cross-motions for summary judgment. On May 9, 2001, while the cross-motions for summary judgment were still pending, Pitcairn filed a second motion for a TRO, in order to stay the scheduled July commencement of the arbitration.

   On June 20, 2001, the District Court issued its Memorandum Opinion and Order. Pitcairn Enterprises, Inc. v. Universal Computer Consulting, Inc. 2001 WL 695048 (E.D. Pa. 2001). In its Opinion, the Court first determined that a valid and enforceable arbitration agreement existed. Id. at *2. Next, the Court relied on the  "expansive, all-encompassing language" used by the parties in crafting the arbitration provision to decide that the dispute at issue "plainly fell within the substantive scope of [the arbitration] provision." Id. Finally, the Court determined that the waiver provision of Section 17E was "inconsisten[t]" with the rest of the Section's provisions, and that the arbitration panel "must have the initial opportunity to address the apparent ambiguity within the arbitration clause." Id. Consequently, the Court denied Pitcairn's motion for summary judgment, granted Universal's  motion for summary judgment, and dismissed as moot Pitcairn's motion for a temporary restraining order. Id. at *3

   Pitcairn now appeals the District Court's Order. The narrow issue for this Court's adjudication is whether the District Court or the Arbitration Panel was the proper forum to decide whether the waiver clause in the Agreement was an unambiguous bar to an arbitration proceeding. See Paine Webber, Inc. v. Hoffman. 984 F.2d 1372 (3d Cir. 1993) (instructing that "whether or not [a party is] bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court" but warning that "a court is not to rule on the potential merits of the underlying claims, no matter how frivolous the claims may appear to the court").  We find the District Court's analysis of this issue to be both accurate and persuasive and we therefore affirm substantially for the reasons stated by the District Court.

   Pitcairn raises an alternative argument on appeal, namely that, since certain provisions of the Agreements can be construed as usurious under Texas law, the entire Agreement is unenforceable and therefore not subject to arbitration. We disagree and conclude that the issue was properly before the arbitration panel. Under applicable Texas law,  usury is not a defense to the enforceability of the underlying contract. See Steve Sash & Door Co., Inc. v. the Ceco Corp., 751 S.W.2d 473, 476 (Tex. 1988). Rather, the usurious interest is forfeited, a penalty is imposed upon the usurer, and that amount is then set-off against any principal owed plus any interest below the relevant usurious rate. See TX CIV. ST. Art. 5069-1.06 (1991).  The arbitration panel found for Pitcairn on its

usury claim, and meticulously calculated its set-off under the relevant Texas statutory and case law. Therefore, Pitcairn's usury claim is without merit.

Pitcairn's appeal is rejected on one final ground. On December 7, 2001, nearly six months after the District Court's final Order in this case, Universal commenced an action in the U.S. District Court for the Southern District of Texas to confirm the arbitration award. At oral argument, Universal's counsel pointed out that  12 of the Federal Arbitration Act (FAA)  requires the party against whom an arbitration award was entered to file a motion to vacate, modify or correct the award within 90 days of the award's entry. Universal further claims that Pitcairn failed to file any such  12 motion, and therefore, the arbitrator's decision should be deemed final. See Sullivan v. Lemoncello, 36 F.3d 676, 681 (7th Cir. 1994). We agree and conclude that Pitcairn's claim on appeal is time-barred under  12 of the F.A.A. See Serv. Employees Int'l Union Local 36, AFL-CIO v. City Cleaning Co., 982 F.2d 89, 93 (3d Cir. 1992) (instructing that "if a defendant has important defenses to an arbitration award, he should raise them within the period prescribed for actions to vacate [or they shall be considered waived]"). Therefore, we affirm the District Court's Order in its entirety.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

By the Court,

/s/ Julio M. Fuentes
Circuit Judg