**STEVES SASH & DOOR COMPANY, INC., Petitioner,**

v.

**The CECO CORPORATION, Respondent.**

No. C–5706.

Supreme Court of Texas.

Jan. 27, 1988.

Thomas H. Crofts, Jr. and John R. Locke, Groce, Locke & Hebdon, San Antonio, for petitioner.

Leonard J. Gittinger, Gittinger & Gittinger, San Antonio, for respondent.

## OPINION

RAY, Justice.

This case involves usurious interest charged for failure to pay part of a sworn account. The trial court rendered judgment for the seller, Steves Sash and Door Company, Inc., and a take-nothing judgment on buyer's counterclaim of usury. The court of appeals reversed and rendered judgment for the buyer, Ceco Corporation, on its usury counterclaim. The court of appeals accordingly applied the statutory penalty for usury, Tex.Rev.Civ.Stat. art. 5069–1.06, and ordered that the seller forfeit $55,251.50 "principal," cancellation of the outstanding balance of $16,451.45, a $2,000.00 penalty, pre-judgment and post-judgment interest, and attorneys' fees. 714 S.W.2d 322.

The primary points of usury law presented by this appeal are the definition of "principal" under art. 5069–1.06(2), and whether pre-judgment interest is recoverable in a usury case. We hold that in the limited context of forfeiting principal as a statutory penalty for usury, "principal" means that amount upon which interest is charged or earned. We, therefore, modify the judgment of the court of appeals and render judgment that the seller forfeit as principal $13,454.70, that amount upon which the usurious interest was charged.

We further hold that pre-judgment interest is not recoverable on penalty damages for usury. Accordingly, that portion of the court of appeals' judgment which awarded pre-judgment interest is reversed.

In this case, Ceco Corporation purchased doors from Steves Sash & Door Company, Inc. for installation in the new San Antonio Hyatt Regency Hotel which was then under construction. As the doors were manufactured, they were delivered to Ceco, and an invoice would issue for each shipment. The total purchase price for all the doors was $71,702.95. Invoices to Ceco indicated that amounts not paid within thirty days would be subject to service charges, computed beginning thirty days after the invoice date.

When Ceco failed to pay timely, Steves brought suit on the sworn account to recover the unpaid balance of $16,451.45. At the filing of the lawsuit, Ceco had already paid $55,251.50, $41,796.80 upon which no interest was charged, and $13,454.70 upon which $245.69 in interest was charged.

Ceco answered Steves' suit and brought a counterclaim. Among other allegations, which have no bearing on the points before us on appeal, Ceco alleged that Steves had engaged in usurious credit practices. Specifically, Ceco alleged that Steves' invoice number 731 charged $245.69 in interest on a principal of $13,454.70 for a period when no interest was due. According to the terms of the invoice, no interest was supposed to be charged for the first thirty days after that invoice. Interest was to begin to accrue at the expiration of the grace period on the balance. However, the $245.69 interest charged by invoice 731 was *for* interest on the thirty-day grace period. Ceco thus reasoned that Steves had engaged in usurious credit practices and asked for the statutory remedy, that Steves forfeit its principal.[1]

---

**1.** Section 1.06(1)–(2) provides:

(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by the Subtitle, shall forfeit to the obligor three times the amount of usurious interest contracted for, charged or received, such usurious interest being the amount the total interest allowed by law, and

reasonable attorney fees fixed by the court except that in no event shall the amount forfeited be less than Two Thousand Dollars or twenty percent of the principal, whichever is the smaller sum; provided, that there shall be no penalty for any usurious interest which results from an accidental and bona fide error.

The case was tried to a jury. The trial court rendered judgment for Steves on the sworn account, for attorneys' fees, post-judgment interest, and court costs based on the jury's verdict. The trial court rendered a take-nothing judgment on Ceco's counterclaims.

The court of appeals reversed and rendered judgment in favor of Ceco. It held that as a matter of law, a usurious charge appears on the face of the invoice documents. Therefore, the court of appeals reversed the trial court's take-nothing judgment on Ceco's counterclaim for usury, and rendered judgment for Ceco. The court further rendered judgment that Ceco recover pre-judgment interest on the usury claim. The court of appeals also reversed the trial court's judgment that Steves recover damages and attorneys' fees on the sworn account. Steves complains that the court of appeals erred in ordering Steves to forfeit more than the statutory penalty for usury. Art. 5069–1.06(2) provides that if more than double the allowed amount of interest is charged, all principal will be forfeited. Applying art. 5069–1.06(2), the court of appeals ordered Steves to forfeit the original balance of $41,796.80, which had already been paid by Ceco and upon which no interest was charged. The court of appeals further ordered Steves to forfeit the remaining unpaid balance of $16,451.45, also upon which no interest was charged.

Steves admits that the usurious charge was made in error, but says that it should not forfeit the entire amount of the purchase. Instead, it should forfeit as principal the sum of $13,454.70, the amount upon which the $245.69 in interest was charged.

In essence, Steves says that "principal" under the usury statutes does not necessarily mean the original amount of the purchase. Steves contends that principal is that amount upon which the interest is charged or earned.[2]

We agree. In arriving at this definition, we look to the definitions set out by the legislature in the usury statutes. Tex. Rev.Civ.Stat.Ann. art. 5069–1.01 (Vernon 1987). While a definition for "principal" is not set out, "interest" is defined. Since "principal" and "interest" are correlative terms, we can determine the definition of one by examining the other. *See generally Commercial National Bank of Shreveport v. Parsons*, 144 F.2d 231, 240 (5th Cir.1944); *Christian v. Superior Court of San Diego County*, 122 Cal. 117, 54 P. 518, 519 (1898). The statutes define "interest" as "the compensation allowed by law for the use or forbearance or detention of money...." Tex.Rev.Civ.Stat.Ann. 5069–1.-01(a) (Vernon 1987). Interest and principal are synergistic words which imply one another, and by necessity, principal must be that amount which is used, forborne, or detained, and upon which the interest is charged. *See also* Black's Law Dictionary 1073 (5th ed. 1979). As applied to this case, Steves must forfeit that amount upon which excessive interest was charged, $13,454.70, and not the entire original balance. Usury, or "interest in excess of the amount allowed by law," art. 5069–1.01(d), was upon $13,454.70 and not the entire amount of the purchase.

Applying the penalty for usury under 5069–1.06(2), the court of appeals ordered Steves to forfeit as principal the sum of all

(2) Any person who contracts for, charges or receives interest which is in excess of double the amount of interest allowed by this Subtitle shall forfeit as an additional penalty, all principal as well as interest and all other charges and shall pay reasonable attorney fees set by the court; provided further that any such person violating the provisions of this section shall be guilty of a misdemeanor and upon conviction thereof shall be punished by fine of not more than One Thousand Dollars. Each contract or transaction in violation of this section shall constitute a separate offense punishable hereunder.

Tex.Rev.Civ.Stat.Ann. art. 5069–1.06(1)–(2) (Vernon 1987).

Since no interest was due for the period, Ceco and the court of appeals reasoned that $245.69 was more than double the amount owed, that is more than two times zero.

2. We caution that this case is greatly confined by the facts before us. Here, the principal upon which interest was charged is not the same amount as the original balance. Often those two figures are the same because interest is charged on the entire balance, in which event the "principal" to be forfeited would be the original balance.

purchases by Ceco from Steves. We do not believe that 5069–1.06(2) intends such an extreme result. We recognize that since the time of the Code of Hammurabi (around 1800 B.C.), legislatures have imposed exceedingly harsh penalties for usury. *See generally* Note, *The Federal Monetary Control Act of 1980: A Step Toward Deregulation of State Usury Laws*, 83 W.Va.L.Rev. 509, 510, (1981). The Bible suggests that the penalty for usury is exclusion from heaven or death. *See Psalms* 15:1–5; *Ezekiel* 18:13. However, the the Texas Legislature has been more forgiving in its penalties for usury. Under our statutes, while a party may be excluded from heaven for usury, we do not believe that the legislature intended that he forfeit as principal more than that amount upon which interest was charged. Accordingly, we hold that principal is that amount upon which interest is charged or earned, and render judgment that Steves forfeit as principal $13,454.70.

■ Steves further contends that it is entitled to a net recovery on the sworn account after an offset of the $15,454.70 penalty for usury: the $2,000.00 penalty under 5069–1.06(1) rendered by the court of appeals, and the $13,454.70 penalty of principal under 5069–1.06(2). We agree, and therefore reverse the judgment of the court of appeals to reinstate the jury verdict for Steves on the unpaid account. That jury verdict of $16,451.45 is offset by the sum of the penalties for usury, $15,454.70.

■ Steves argues that Ceco's pleadings did not provide fair notice of its claim for usury. Steves contends that it was not prepared to meet this particular usury claim. Had it known that Ceco's complaint was that interest was charged for an interest-free period, it would have raised the defense of bona fide error or mistake. On this point, we affirm the holding of the court of appeals that Steves received fair notice. Ceco's First Amended Original Counterclaim was filed one and a half years before the trial of this case. That pleading specifically refers to invoice number 731. It states that the invoice reflects an interest charge from August 31, 1981 to September 30, 1981, that the interest charged is in excess of twice the amount allowed by law, and thus is usurious on its face. This allegation should have alerted Steves of Ceco's claim. If Steves considered the pleading obscure or non-specific, Steves had the right to file special exceptions to clarify Ceco's counterclaims. Tex.R.Civ.P. 90 and 91. By failing to file special exceptions, Steves waived any defect in Ceco's pleadings, and the pleadings must be construed in favor of the pleader. *See Roark v. Allen*, 633 S.W.2d 804, 809–810 (Tex.1982).

■ Steves next complains that the court of appeals erred in rendering judgment for Ceco for prejudgment interest. We agree that prejudgment interest is not recoverable on usury penalty damages. The spectrum of penalties for usurious practices is listed in art. 5069–1.06. Forfeiture of principal, attorneys' fees, and criminal sanctions are among the penalties, and yet prejudgment interest is not listed. Since usury statutes are penal in nature, they must be strictly construed. *Home Savings Association of Dallas County v. Crow*, 514 S.W.2d 160 (Tex.Civ.App.—Dallas 1974), *affirmed*, 522 S.W.2d 457 (Tex. 1975). Under a strict construction analysis of 5069–1.06, prejudgment interest is not recoverable.

While we hasten to point out that this court's holding in *Cavnar* is limited to cases sounding in tort, we believe that to award prejudgment interest to the victim of usury would also not be in keeping with any of the usual reasons for awarding prejudgment interest, such as for the lost use of money or to compensate an injury. *See generally, Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 552 (Tex. 1985). The penalty in usury cases given to the "usuree" is a boon or a windfall which he is allowed to receive as a punishment to the usurious lender, not as interest for the use of the borrower's money. *See generally Saskill v. 4-B Acceptance*, 139 Ill. App.3d 143, 93 Ill.Dec. 653, 487 N.E.2d 97 (1985), in which the Illinois Court recognized that "the legislative goal of the [Illi-

nois usury act] is to impose a civil penalty on the lender not compensate the debtor." *Id.* at 99. Moreover, in commercial law, it is the usurer's money which is held, not the borrower's. A successful claim of usury may allow the borrower to avoid a debt he might otherwise owe. Therefore, we reverse the judgment of the court of appeals on this point and hold that prejudgment interest is not recoverable on penalty damages for usury.

Steves' final point is that the court of appeals erred in rendering judgment for attorneys' fees to Ceco because the evidence is legally insufficient to support the jury's findings. We need not reach the merits of this point because Steves failed to preserve its error below. In *Aero Energy*, this court reiterated the five ways to preserve a "no evidence" point of error: (1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the issue to the jury; (4) a motion to disregard the jury's answer to a vital fact issue; or, (5) a motion for new trial. *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex.1985). A review of the record reveals that while Steves did make a motion to disregard jury findings, that motion made no mention of the jury's findings on attorneys' fees. Further, while Steves did object to issue nine, the objection was not a "no evidence" or "legal insufficiency" objection.[3] Tex.R.Civ. P. 274 dictates that a party must point out distinctly the matter to which he objects and the grounds of his objection or the complaint is waived.

Ceco raises numerous cross points in its response brief in an effort to prevent rendition. Generally, they are complaints of hearsay and exhibits which the court should not have allowed, abuse of discretion allegations because the trial court allowed a late pleading amendment, refused to permit an unnamed witness to testify, denied a motion for continuance, and objec-tions to the charge. Since these cross-points have no bearing on the resolution of this case because they do not prevent rendition, they are denied.

Accordingly, we modify the judgment of the court of appeals as to the amount which Steves must forfeit for usurious practices, and as modified, affirm the judgment that Steves forfeit the principal, $13,454.70. We also affirm the court of appeals' rendition of a $2,000.00 penalty pursuant to 5069–1.06(1). Steves is entitled to a net recovery on the sworn account. To that end, we reverse the court of appeals' decision in part to reinstate the jury verdict of $16,451.45 on the sworn account, which is offset by the $2,000.00 penalty for usury under 5069–1.06(1), and the $13,454.70 penalty for usury under 5069–1.06(2). Since Ceco may not recover prejudgment interest against Steves, we also reverse that portion of the judgment of the court of appeals and render judgment that Ceco take nothing in pre-judgment interest. Relief sought by Ceco in its cross-points is denied.

---

3. For the relationship among "legal insufficiency" "No evidence," "insufficient as a matter of law," see M. O'Connor, *Appealing Jury Findings*, 12 Hou.L.Rev. 65, 66 (1975). In this case it was not entirely clear from its briefs whether Steves was making a "no evidence" or "as a matter or law argument." However, since Steves relied on *Harmes,* a "no evidence" case, the arguments were construed accordingly. *See Harmes v. Arklatex Corp.,* 615 S.W.2d 177 (Tex.1981).