STANDARD SAVINGS
ASSOCIATION, Appellant,

v.

GREATER NEW CANAAN MISSION-
ARY BAPTIST CHURCH,
INC., Appellee.

No. A14–88–1013–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 1, 1990.

Madison R. Jones, Edward W. Engel, Houston, for appellant.

Jerome K. Wade, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

Appellee, Greater New Canaan Missionary Baptist Church, Inc., a religious corporation, brought this suit for usury in connection with a promissory note which on its face exceeds the ten percent (10%) annual interest ceiling provided in the Texas Constitution. Appellant, Standard Savings Association, contends the note is not usurious due to a statute, in effect at the time the note was executed, that allows an additional one and one-half percent (1½%) per month interest for corporations. The trial

court held the statute does not apply to religious corporations, and we agree. However, we do not affirm that part of the judgment awarding prejudgment interest, and we remand the cause for a resolution of fact questions that exist relating to the amount of damages.

To finance a new church building, Greater New Canaan executed a construction note in 1976 for the original sum of $76,934.21, payable to the order of James M. Thomas Construction Company, Inc. A year later, they assigned the note and lien to Standard and executed a new note, payable to Standard in one hundred eighty (180) equal monthly installments and bearing interest at the rate of eleven percent (11%) annually. Its principal sum of $90,750 represented a renewal and extension of the previous note plus an additional advance in the amount of $13,815.97.

Alleging that it never received full consideration for the 1977 note, Greater New Canaan brought suit for usury against Standard in June, 1986, and subsequently filed a motion for summary judgment, contending that the actual principal was $82,450, therefore the remainder was illegal interest. Of the remainder, $3,260 was represented as payment for a term life insurance policy, and $5,040.57 was to pay off a "share loan" to the contractor. The trial court granted the motion for summary judgment, calculating usury damages of $145,437 (three times each of the forty-seven monthly payments of $1,031.47 that exceeded the asserted "true" principal of $82,450) along with $265,437 in prejudgment interest at the rate of 10%.

Standard filed a motion for new trial alleging that due to counsels' mistake, the trial court improvidently entered the summary judgment on submission date without a hearing. Counsel for both parties had agreed informally that Standard would pass its motion to dismiss and Greater New Canaan would reciprocate by passing its motion for summary judgment. However, they failed to notify the court of their agreement. Standard's motion for new trial and amended motion for new trial and

rehearing were overruled by operation of law, and Standard appealed to this Court.

■ First, we consider whether the trial court correctly applied the law as to usury. "[I]n the absence of legislation fixing maximum rates of interest all contracts for a greater rate of interest than ten per centum (10%) per annum shall be deemed usurious[.]" TEX. CONST. ART. XVI, § 11. At the time the parties executed the 1977 note, Article 1302–2.09 of the Miscellaneous Corporation Act provided:

> Notwithstanding any other provision of law, corporations, domestic or foreign may agree to and stipulate for any rate of interest as such corporation may determine, not to exceed one and one-half percent (1½%) per month, on any bond, note, debt, contract or other obligation of such corporation under which the original principal amount of Five Thousand Dollars ($5,000) or more, ... on any extension of renewal thereof, and in such instances, the claim or defense of usury by such corporation, its successors, guarantors, assigns or anyone on its behalf is prohibited; *however, nothing contained herein shall prevent any charitable or religious corporation from asserting the claim or interposing the defense of usury in any action or proceeding.* (emphasis added.) TEX.REV.CIV.STAT.ANN. art. 1302–2.09 (Vernon 1980).

We hold that the final clause preserves the 10% ceiling for charitable and religious organizations found in the Texas Constitution. We disagree with Standard's contention that the proviso somehow grants a charitable or religious organization the right to assert a claim of usury but raises the interest ceiling for all corporations. One, it would be superfluous to grant a usury right when the right already was established by the state constitution. Two, when the 1981 Legislature chose to include charitable and religious corporations in a statute that further carves out an exception to the interest ceiling in the state constitution, it specifically directed application of the statute to all corporations "domestic or foreign, *including but not limited to any charitable or religious corpora-*

*tion[.]"* *See* 1981 TEX.GEN.LAWS, ch. 111, § 1, at 271. (emphasis added). Because no law existed at the time of the note's execution that would raise the interest ceiling above 10% for a religious corporation, the 1977 note at 11% is usurious on its face, thus we overrule point of error number one.

Next, Standard contends the trial court erred in awarding prejudgment interest in addition to usury penalties. We agree. The Texas Supreme Court has held that prejudgment interest is not recoverable. *Steves Sash & Door Co. v. Ceco Corp.*, 751 S.W.2d 473, 476–77 (Tex.1988). Greater New Canaan attempts to distinguish this case by asserting that the usurious note here violates a provision of the state constitution rather than a statute; and therefore, the statutory damages for usury do not apply. However, the Legislature made no such distinction in enacting the statute that governs the spectrum of penalties for usury. TEX.REV.CIV.STAT.ANN. art. 5069–1.06 (Vernon 1987). Being penal in nature, this usury statute must be strictly construed; and inasmuch as prejudgment interest is not listed among its penalties, it is not applicable. *Steves Sash & Door*, 751 S.W.2d at 476. The imposition of prejudgment interest in this case would not serve to compensate the borrower for money lost, rather it would simply be an additional civil penalty on the lender, whose punishment is sufficiently covered by the statute in the form of forfeiture of principal, treble damages on the usurious amount, and other penalties. We sustain appellant's second point of error.

In its third and fourth points of error, Standard contends that affidavit evidence by Greater New Canaan concerning term life insurance and a share loan is not sufficient, as a matter of law, to support the summary judgment. We agree. Without sufficient proof, the trial court erred in ruling that the life insurance premiums and the amount of the share loan constituted illegal interest.

In regard to the life insurance policy, the Rev. Thomas Williams, Jr., pastor of Greater New Canaan Missionary Baptist Church, stated in a sworn affidavit that at the time the 1977 note was executed, Standard represented to him that a portion of the principal would be used to purchase a term life insurance policy. He further stated:

> This term life insurance policy was *a condition and requirement of the loan.* However, the church has never received such life insurance policy or copy thereof, nor has any insurance company, agent, or representative ever confirmed to the church that such policy had been purchased and was in force. (emphasis added.)

Texas courts have uniformly required two conditions for such insurance premiums to constitute interest: (1) the policy must be a condition of the loan; and (2) a borrower must prove he had no choice in selecting the insurance company or agent. *North Am. Acceptance Corp. v. Warren,* 451 S.W.2d 921, 925 (1970). (citations omitted). Here, Greater New Canaan has presented uncontroverted evidence that Standard required a life insurance policy as a condition of the loan, but there is no proof it had no choice in selecting an insurance company or agent.

Greater New Canaan also complains that it never benefited from the share loan allegedly paid to the contractor. In his affidavit, the Rev. Williams stated:

> At the time the $90,750 promissory note was executed, I was not aware that any portion of the principal amount represented repayment of a $5,047.57 "share loan". I had no knowledge at that time about the "share loan". The church did not execute any agreements, nor did I make any oral statements, obligating it to pay that amount, nor did the church receive any of the proceeds of that loan.

The Texas Supreme Court has held that when a lender requires *as a condition to making a loan* that the borrower assume the debt of a third party, the lender must include the amount of the third party's debt in the interest computation. *Alamo Lumber Co. v. Gold,* 661 S.W.2d 926, 928 (Tex.1983). Here, there exists a fact question as to whether Standard required the making of the share loan as a condition of

the note in question, despite Greater New Canaan's "inescapable conclusion" that the phantom loan charge was simply a device that Standard employed to charge additional interest.

Because of the harshness and finality of summary judgments, we hold them to a stricter standard of proof. In this record, we find the summary judgment evidence is not sufficient to support inclusion of the insurance premiums and the share loan. We therefore sustain points of error three and four and find that fact questions exist as to whether monies spent on either item constitute interest.

 Once the amount of the true principal is determined, then the court should calculate the interest (1) at 10%, the maximum amount under the state constitution; and (2) over the entire term of the note, in this case 180 months. This concept of "spreading" the interest over the term of the note was outlined in *Nevels v. Harris,* 129 Tex. 190, 102 S.W.2d 1046 (1937) and more recently followed in *Tanner Dev. Co. v. Ferguson,* 561 S.W.2d 777, 787 (Tex. 1977). In its fifth point of error, Standard complains that the trial court erred in failing to "spread" the interest charges over the entire term of the loan. Greater New Canaan responds that "spreading" is necessary only when the court must determine whether a loan is usurious, not when the loan is usurious on its face. The trial court followed Greater New Canaan's method of calculating the amount of illegal interest as the total sum of money Greater New Canaan paid after one hundred thirty-three (133) months, which is the time it would have taken Greater New Canaan to pay off the "true" principal at a rate of $1,031.47 per month. We acknowledge this novel and creative approach to computing interest; however, we find no support for it in the law. Therefore, we sustain appellant's fifth point of error.

In conclusion, we find no error in the trial court's determination that the 1977 note is usurious on its face; therefore, we affirm that portion of the judgment placing the maximum lawful rate of interest at 10% per annum for a religious corporation at the time the note was executed. However, because the trial court erred in awarding prejudgment interest, in granting summary judgment regarding the term life insurance policy and the share loan, and in failing to spread the interest over the entire term of the loan, we reverse those portions of the summary judgment, sever them, and remand them for proceedings in accordance with this opinion.