**Michael HATZENBUEHLER, Appellant,**

v.

**Elsa CALL, Appellee.**

**No. 04–93–00787–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 8, 1995.

Rehearing Denied March 1, 1995.

Peter J. Stanton, Stanton and Long, P.C., San Antonio, for appellant.

Allen F. Cazier, Clifford C. Herberg, Jr., Rush, Herberg & Gransee, L.C., San Antonio, for appellee.

Before STONE, HARDBERGER and BUTTS[1], JJ.

## OPINION

HARDBERGER, Justice.

This is a usury case. Call brought suit for repayment of a loan. Hatzenbuehler responded by filing a counterclaim asserting usury. The trial court rendered judgment in favor of Call for $5,200, the amount of the loan. The court denied Hatzenbuehler's counterclaim for usury from which he now appeals. We affirm the judgment.

Mike Hatzenbuehler and Elsa Call had been friends for twenty years. Hatzenbuehler asked Call for a loan and she agreed. The initial loan was for $3,700. Hatzenbuehler agreed, in writing, to repay Call the principal amount with interest by January 1, 1992. Call had to borrow the initial $3,700 from the bank at ten percent interest in order to loan it to Hatzenbuehler. Hatzenbuehler did not repay the first loan but instead asked and received from Call a second loan of $1,500. The second loan was made on February 14, 1992 and was to be repaid with interest by April 14, 1992. After the default Call sent a demand letter to Hatzenbuehler seeking repayment of the loans with interest of six percent from the date of the inception of the loans.

Call filed suit in county court seeking repayment of the loan with interest. Hatzenbuehler counterclaimed alleging that the demand letter constituted, as a matter of law, a usurious charge of interest because it sought interest from the date of the loans rather than thirty (30) days after payment became due as required by TEX.REV.CIV.STAT.ANN. art. 5069–1.03. The case was tried to the court which rendered judgment in favor of Call for $5,200. The trial court made the following findings of fact: Hatzenbuehler agreed to repay the loans with interest from the date of funding; no specific rate of interest was agreed upon; there was never an

interest free period as to either loan; neither party intended to enter into a usurious loan agreement. Hatzenbuehler does not attack any of the trial court's findings of fact.

Hatzenbuehler argues that he is entitled to have judgment rendered in his favor that he does not have to repay the debt and that he receive additional damages because Call's attorney sent a letter demanding repayment of the loan along with interest at the rate of six percent from the date the loan was made. According to Hatzenbuehler, he was charged usurious interest because the law imposed a thirty day interest free period from the date the loan becomes due until the time interest can legally be charged. TEX.REV.CIV.STAT. ANN. art. 5069–1.03 (Vernon 1987). Hatzenbuehler's argument is that since the agreement did not specify a rate of interest then article 5069–1.03 implies the legal rate of interest at six percent and the provision that interest could not be charged until thirty days after the loan was due to be repaid. According to Hatzenbuehler, Call's action in sending a letter asking him to repay the loan with interest at six percent from the date the loan was made was usury because it was a charging during the interest free period. In fact, Hatzenbuehler alleges it was double usury because it was twice as much as the rate allowed during the interest free period and thus should result in his friend Call forfeiting her principal and paying him damages. We disagree.

Because the Texas usury statute is penal in nature, it must be narrowly construed and if there is any doubt as to the legislative intent to punish the activity complained of, the doubt must be construed in favor of the lender. *Steves Sash & Door Co., Inc. v. Ceco Corp.*, 751 S.W.2d 473, 476 (Tex. 1988); *Texas Commerce Bank–Arlington v. Goldring*, 665 S.W.2d 103, 104 (Tex.1984); *First State Bank v. Dorst*, 843 S.W.2d 790, 794 (Tex.App.—Austin 1992, writ denied). Existence of usury must be examined within the framework of the entirety of the transaction considering all of the documents interpreted as a whole in light of the circumstances. *Tygrett v. University Gardens*

1. Justice Butts not participating.

*Home. Ass'n,* 687 S.W.2d 481, 485 (Tex. App.—Dallas 1985, writ ref'd n.r.e.); *Spanish Village, Ltd. v. American Mortgage Co.,* 586 S.W.2d 195, 199 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). Finally, if there is any doubt as to the intent of the parties to the transaction alleged to be usurious, a presumption of nonusurious intent will lead a court to resolve such a doubt in favor of finding legality. *See Tygrett,* 687 S.W.2d at 485; *Smart v. Tower Land & Investment Co.,* 597 S.W.2d 333, 340–41 (Tex.1980); *see also Matter of WorldWide Trucks, Inc.,* 948 F.2d 976, 978–79 (5th Cir.1991).

The facts and circumstances of the transaction that we consider include the following: The loan of money in this case was an extremely informal arrangement between two friends in a non-commercial setting. The first loan agreement was evidenced by the following:

Elsa

I truly apretiate (sic) this loan of $3,700. and will repay you with interest by January 1st 1992. Your a very special lady.

Thanks

M Hatzenbuehler

The above clearly contemplates that interest will be paid from the inception of the loan. If interest does not begin to run until sometime after January 1, 1992 and the loan is repaid on January 1, 1992 then the loan is without interest. Therefore, the intent of the parties as clearly expressed in the document is that interest will run from the date of the loan. Furthermore, the trial court specifically found this fact which is unchallenged on appeal. Although no rate of interest is specified, both parties testified at trial that they assumed the rate of interest would be "the legal rate." Therefore, the parties contracted that interest would run from the date of the loan at the "legal rate." Both parties testified that the second loan was made on the same terms as the first loan. Call's attorney then sent Hatzenbuehler a letter asking him to repay the loan at six percent interest (the legal rate) from the date of the inception of the loan.

Based upon the long standing rules of construction, we refuse to interpret the usury statutes so broadly as to allow imposition of the harsh usury penalties where Call's only "mistake" was to send Hatzenbuehler a letter asking him to repay the loan on the terms and conditions as both parties understood them. *See, e.g., Dorst,* 843 S.W.2d at 794. Call also said in open court that she didn't want the interest and that all she wanted was her principal back.

It is uncontested that the parties contracted that the interest was to run from the date the loan was made. It is well settled that when interpreting a contract courts must give effect to every clause in the contract. *Westwind Exploration, Inc. v. Homestate Sav. Assoc.,* 696 S.W.2d 378, 382 (Tex.1985). In order to agree with Hatzenbuehler, this court would have to ignore the provision of the contract that interest was to run from the date the loan was made. Therefore, we conclude, that as a matter of law, the demand letter in question did not constitute a usurious charging. We overrule appellant's first three points of error. In light of our disposition of this case there is no need to address appellant's fourth point of error.

We affirm the judgment.