TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00285-CV






Major Help Center, Inc. and Robert Berz, Appellants



v.



Ivy, Crews & Elliott, P.C.; Guy C. Fisher, Esq.; Earl K. Straight, Esq.; Richard T.
Jones, Esq.; James P. Borne, Esq.; and McGraw, Brinkley & Irwin, Appellees





FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 241,712, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING 







 Major Help Center, Inc. is a California corporation that sold television advertising
to six lawyers or small law firms in Austin. When the dissatisfied Lawyers (1) sued Major Help and
its Texas representative Robert Berz for violations of the Deceptive Trade Practices Act (DTPA),
the defendants moved to dismiss the cause, citing a forum selection clause in their contract with
the Lawyers which designated Los Angeles, California as the agreed forum. The trial court
denied the motion to dismiss, and a jury found Major Help and Berz each liable for deceptive
trade practices and attorneys' fees. On appeal, Major Help contends that the trial court erred in
refusing to apply the forum selection clause to this dispute and that the evidence was legally or
factually insufficient to support the DTPA violations, the alleged double recovery from each
defendant, and the award of attorneys' fees. We will affirm the trial court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 In April and May of 1998, Major Help contacted each of the Lawyers for the
purpose of selling them television advertising. According to Major Help's initial representations,
the advertising would be a cooperative venture among twelve local attorneys or law firms. (2) Each
attorney or firm would contribute a sum certain; in return, Major Help would prepare a television
advertisement featuring each Lawyer's name and would purchase air time to run the ads.

 After the initial telephone contact, Berz visited the Lawyers in person and presented
a video depicting the television advertisement that would be broadcast. Major Help proposed to
add the names of each participating lawyer to the advertisement once they had reached an
agreement. According to Berz's representations, the content of the television advertisement had
been approved by the State Bar of Texas. Berz also represented to each of the Lawyers that the
advertisements would air according to a particular schedule and that Major Help would spend a
certain amount of money to purchase the air time. 

 The advertisement included a phone number that would be answered by Major
Help. Berz represented that Major Help would forward all incoming calls to the participating
lawyers on a rotating basis. Major Help was not to screen the calls; rather, it represented that it
would automatically forward them with a recording identifying the referral as a "Major Help
Center call." 

 Each of the named Lawyers agreed to participate in the cooperative advertising
arrangement. Each deposited a sum of money with Major Help and agreed to deposit additional
installments throughout the course of the agreement. Subsequently, each of the Lawyers
discovered that Major Help had misrepresented their proposed arrangements in several respects: 
the television advertisement had not been approved by the State Bar of Texas; the advertisements
were not identical to the one they had previewed; the ads did not air according to the promised
schedule; and Major Help screened some calls rather than automatically forwarding them as it had
represented.

 After Major Help failed to respond to the Lawyers' demand for a refund of the
funds they had paid, the Lawyers filed suit alleging breach of contract and violations of the
Deceptive Trade Practices Act. In response, Major Help filed a special appearance and a motion
to dismiss based on the forum selection clause in its agreement with the Lawyers (the
Agreement). (3) The Lawyers then dismissed their breach-of-contract claim and proceeded solely
on their DTPA claim. The trial court denied the special appearance and the motion to dismiss,
and the parties tried the case to a jury. 

 At the close of evidence, Major Help moved for an instructed verdict, arguing that
the only basis for the Lawyers' DTPA claim was breach of contract, which alone does not
constitute a DTPA violation. The court denied the motion for an instructed verdict and submitted
the issues to the jury. The jury found Major Help and its representative liable for DTPA
violations and assessed $38,250 in actual damages and $18,000 in attorneys' fees against each of
the two defendants. 


DISCUSSION

 On appeal, Major Help (4) first argues that the trial court erred in denying the motion
to dismiss because the forum selection clause was valid and should have been applied in this case. 
Second, Major Help asserts that the Lawyers presented no evidence or insufficient evidence of
DTPA violations and that the written contract negated any reliance by the Lawyers on the alleged
deceptive misrepresentations. Third, Major Help alleges that the jury's award of damages against
each of the two defendants resulted in a double recovery for the same act and that the trial court
should have found Berz and Major Help jointly and severally liable. Finally, Major Help
contends that the Lawyers failed to establish that the attorneys' fees they sought were reasonable
and necessary. 


I. Forum Selection Clause

 Forum selection clauses are valid in Texas. See Busse v. Pacific Cattle Feeding
Fund No. 1, Ltd., 896 S.W.2d 807, 812 (Tex. App.--Texarkana 1995, writ denied). "When a
party contractually consents to the jurisdiction of a particular state, that state has jurisdiction over
that party as long as the agreed-to state will enforce the type of forum selection clause signed by
the parties." Accelerated Christian Educ., Inc. v. Oracle Corp., 925 S.W.2d 66, 72 (Tex.
App.--Dallas 1996, no writ). However, forum selection clauses will not apply if construction of
the rights and liabilities of the parties under the contract is not involved. See Busse, 896 S.W.2d
at 813. Thus, in determining whether the forum selection clause applies in this case, we must
review the nature of the Lawyers' claims to determine whether they could stand alone or are so
interwoven with the Agreement that they could not be maintained without reference to the
Agreement. See Valero Energy Corp. v. Wagner & Brown, II, 777 S.W.2d 564, 566 (Tex.
App.--El Paso 1989, writ denied).

 Major Help contends that the Lawyers' DTPA claim specifically implicates the
written contract terms. For support, Major Help relies primarily on Texas Source Group, Inc.
v. CCH, Inc., 967 F. Supp. 234 (S.D. Tex. 1997), and Accelerated Christian, 925 S.W.2d at 68-69. In Accelerated Christian, the appellate court affirmed the trial court's dismissal of contractual,
tort, and DTPA claims, reasoning that "pleading alternate noncontractual theories of recovery will
not alone avoid a forum selection clause if those alternate claims arise out of the contractual
relations and implicate the contract's terms." Accelerated Christian, 925 S.W.2d at 72. 
Similarly, the federal district court in Texas Source Group enforced a forum selection clause and
dismissed the plaintiffs' contractual and noncontractual claims, holding that the claims arose out
of the parties' contractual relationship and implicated the agreement. See Texas Source Group,
925 F. Supp. at 238.

 The Lawyers counter that their DTPA suit did not arise under the Agreement and
therefore the forum selection clause does not apply. Citing Busse, the Lawyers argue that where
the wrongs arise from misrepresentations inducing a party to execute the contract and not from
breach of the contract, the remedies and limitations specified by the contract do not apply. See
Busse, 896 S.W.2d at 813.

 Texas Source Group, Accelerated Christian, and Busse all turned on the issue of
whether the claims pleaded implicated the terms of the contract, thereby triggering the forum
selection clause. Accelerated Christian and Texas Source Group included contractual and
noncontractual claims that necessarily implicated the terms of the contract. See Accelerated
Christian, 925 S.W.2d at 72; Texas Source Group, 967 F. Supp. at 237-38. Indeed, in both cases
the noncontractual claims were premised on the defendant's failure to comply with a contractual
duty--a claim that could not have been maintained without reference to the terms of the contract. 
See Accelerated Christian, 925 S.W.2d at 69; Texas Source Group, 967 F. Supp. at 237-38. 
Busse, on the other hand, involved misrepresentations and fraud in the inducement to sign a
contract and thus did not implicate the terms of the contract. See Busse, 896 S.W.2d at 813.

 In this case, the Lawyers assert a single noncontractual cause of action based on
alleged misrepresentations made by Major Help prior to the date the parties signed the Agreement. 
The Lawyers do not rely on the terms of the Agreement as the basis for their claims. They do
not attempt to enforce duties or obligations arising under the Agreement. These facts are
analogous to those in the Busse decision, which we find persuasive. Consequently, we hold that
the Lawyers' DTPA claim is independent of the Agreement, and the forum selection clause does
not apply. To the extent Accelerated Christian or Texas Source Group can be read to compel a
different conclusion, we decline to follow them. We overrule Major Help's first issue. (5)


II. DTPA Violations

 In its second issue, Major Help asserts that the Lawyers presented no evidence or
insufficient evidence of DTPA violations. Major Help also contends that the Lawyers failed to
prove reliance on Major Help's representations because the written agreement between the parties
negates any reliance on statements made prior to the signing of the Agreement. 

 When a case is tried to a jury, factual-insufficiency complaints must be preserved
through a motion for new trial. See Tex. R. Civ. P. 324(b); Cecil v. Smith, 804 S.W.2d 509, 510
(Tex. 1991). Major Help did not file a motion for new trial and thus has failed to preserve its
factual-insufficiency issues. 

 No-evidence points must be preserved through one of the following procedural
steps in the trial court: (1) a motion for instructed verdict, (2) a motion for judgment
notwithstanding the verdict, (3) an objection to the submission of the issue to the jury, (4) a
motion to disregard the jury's answer to a vital fact issue, or, (5) a motion for new trial. See
Steves Sash & Door Co. v. Ceco Corp., 751 S.W.2d 473, 477 (Tex. 1988). Major Help filed a
motion for instructed verdict asserting that a breach of contract is not a deceptive trade practice
violation, citing Rocky Mountain Helicopters, Inc. v. Lubbock County Hosp. Dist., 987 S.W.2d
50 (Tex. 1998). The Lawyers claim that the stated basis for the instructed verdict was not
sufficiently specific to preserve Major Help's no-evidence issues. Although Major Help's motion
for instructed verdict did not specifically address the no-evidence issues that Major Help now
advances on appeal, it did generally draw the trial court's attention to a lack of evidence to
support the DTPA violations. In the interest of justice, we will address Major Help's no-evidence
claims regarding the DTPA violations. 

 In deciding a no-evidence point, we must consider only the evidence and inferences
tending to support the finding of the trier of fact and disregard all evidence and inferences to the
contrary. See Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995); Best v. Ryan
Auto Group, Inc., 786 S.W.2d 670, 671 (Tex. 1990). We will uphold the finding if more than
a scintilla of evidence supports it. See Crye, 907 S.W.2d at 499; Seideneck v. Cal Bayreuther
Assocs., 451 S.W.2d 752, 755 (Tex. 1970); In re King's Estate, 244 S.W.2d 660, 661 (Tex.
1951). The evidence supporting a finding amounts to more than a scintilla if reasonable minds
could arrive at the finding given the facts proved in the particular case. See Crye, 907 S.W.2d
at 499; Transportation Ins. Co. v. Moriel , 879 S.W.2d 10, 25 (Tex. 1994); see also William
Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence," 69 Tex.
L. Rev. 515, 522 (1991); Michol O'Connor, Appealing Jury Findings, 12 Hous. L. Rev. 65
(1974).

 We first consider Major Help's argument that the written agreement between the
parties negated any evidence of reliance. Specifically, Major Help emphasizes the clause in the
Agreement that places on the Lawyers the sole responsibility for complying with all applicable
marketing and advertising laws, rules, and regulations pertaining to the Lawyers' profession. 
This clause, according to Major Help, should have alerted the Lawyers of their duty to obtain
approval from the State Bar of Texas for the advertisements and negated any reliance they may
have placed on Major Help's representations that the ads had already been approved. We
disagree.

 The Lawyers' burden was to prove that Major Help engaged in false, misleading,
or deceptive acts that were the producing cause of the Lawyers' injuries. See Church & Dwight
Co. v. Huey, 961 S.W.2d 560, 567 (Tex. App.--San Antonio 1997, pet. denied). The Lawyers
were not required to prove reliance before they could recover under the DTPA. See Weitzel v.
Barnes, 691 S.W.2d 598, 600 (Tex. 1985). Furthermore, although the Lawyers were responsible
under the Agreement for complying with their professional rules regarding advertising, this fact
does not negate Major Help's representations that the proposed broadcast had been examined and
approved by the State Bar. The Lawyers' complaint is that their individual responsibilities would
have been easier if the proposed broadcast had been preapproved by the State Bar of Texas as
represented. The record reflects sufficient evidence to conclude that preapproval of the
advertisements induced the Lawyers to enter the Agreement.

 Major Help also argues that the Lawyers should not have relied on the proposed
broadcast or advertising schedule because they were simply proposals and depended on the
participation of twelve lawyers; only six lawyers eventually signed the Agreement. As stated
above, the Lawyers were not required to prove reliance in order to recover under the DTPA. 
Moreover, sufficient evidence exists to support a finding that Major Help represented to the
Lawyers that the completed television advertisement would be identical to the proposed
advertisement and that Major Help would obtain the requisite number of participants. Even if the
Lawyers later learned that only six attorneys would participate in the cooperative advertising
venture, it was Major Help's initial representations made prior to the Agreement that induced the
Lawyers to enter into the Agreement and forms the basis for their DTPA claim.

 Major Help further contends that the Lawyers presented no evidence that the
television advertisements violated the State Bar of Texas rules, that Major Help failed to expend
a certain amount of funds for the purchase of air time, that Major Help modified the advertising
schedule, and that Major Help improperly screened phone calls. We disagree.

 First, it was not necessary for the Lawyers to prove that the advertisement violated
State Bar rules or that Major Help's method of answering phone calls was improper in order to
prevail on their DTPA claim. Rather, the Lawyers' claim is that Major Help engaged in false,
misleading, or deceptive acts that induced the Lawyers to enter the Agreement. We hold that
more than a scintilla of evidence exists to support the Lawyers' claims, including
misrepresentations regarding the manner in which Major Help would answer phone calls, alleged
State Bar approval of the advertisements, the amount of funds Major Help would expend on the
purchase of air time, and the advertising schedule it would run. Because we find legally sufficient
evidence that Major Help violated the DTPA by several misrepresentations, we overrule
appellant's second issue. 


III. Double Recovery and Unreasonable Attorneys' Fees

 In its third issue, Major Help argues that the evidence does not support recovery
from both Major Help and its representative Berz and that assessing damages against both amounts
to a double recovery for the same injury. Major Help requests that this Court reform the
judgment to clarify that Major Help and Berz are jointly and severally liable. 

 We read Major Help's third issue as a challenge to the measure of damages
submitted by the trial court and as a complaint of excessiveness of the damages. However, a
review of the record reveals that Major Help failed to preserve this error for appeal. Major Help
failed to object to the jury charge on the alleged improper measure of damages, and although
Major Help submitted a motion for instructed verdict, that motion did not address the double
recovery of damages. See Tex. R. Civ. P. 274, 268; see also United Postage Corp. v.
Kammeyer, 581 S.W.2d 716, 722 (Tex. Civ. App.--Dallas 1979, no writ). Major Help also failed
to file a motion for new trial to preserve its excessive-damages complaint. See Tex. R. Civ. P.
324(b)(4). In no way was the trial court given an opportunity to address or correct the alleged
error. 

 In its fourth issue, Major Help argues that the Lawyers presented no competent
evidence to establish that their attorneys' fees were reasonable and necessary. Again, Major Help
has failed to preserve this error for appeal. Major Help's motion for instructed verdict did not
address this alleged lack of evidence. See Tex. R. Civ. P. 268; Steves Sash & Door, 751 S.W.2d
at 477. Nor did Major Help make any other attempt to preserve this issue by bringing it to the
trial court's attention. Therefore, we hold that issues three and four were not preserved for
appeal.

CONCLUSION

 Because we determine that the forum selection clause did not apply to the Lawyers'
DTPA claim, we hold the trial court did not err in denying Major Help's motion to dismiss. We
further hold that the evidence is legally sufficient to support a violation of the DTPA and that
Major Help failed to preserve its complaints about double recovery and attorneys' fees for appeal. 
We therefore affirm the trial court's judgment.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: March 23, 2000

Do Not Publish
1. Appellees include Ivy, Crews & Elliot, P.C.; Guy C. Fisher, Esq.; Earl K. Straight,
Esq.; Richard T. Jones, Esq.; James P. Borne, Esq.; and McGraw, Brinkley & Irwin. For
convenience, we will refer to appellees as the Lawyers.
2. Ultimately only six lawyers or law firms participated in the advertising arrangement.
3. The forum selection clause provided: "Any action brought by either party under this
agreement shall be instituted only in a court in the County of Los Angeles in the State of
California having the appropriate monetary limits of jurisdiction." 
4. We will refer to the appellants collectively as Major Help because their claims on appeal
are identical, except as addressed in note 5.
5. Since we hold that the trial court was correct in deciding not to apply the forum selection
clause, we reject the argument that at least the action against Berz should be dismissed because
as a mere participant in the transaction, he derives some added benefit from the forum selection
clause.



 Lawyers to enter the Agreement. We hold that
more than a scintilla of evidence exists to support the Lawyers' claims, including
misrepresentations regarding the manner in which Major Help would answer phone calls, alleged
State Bar approval of the advertisements, the amount of funds Major Help would expend on the
purchase of air time, and the advertising schedule it would run. Because we find legally sufficient
evidence that Major Help violated the DTPA by several misrepresentations, we overrule
appellant's second issue. 


III. Double Recovery and Unreasonable Attorneys' Fees

 In its third issue, Major Help argues that the evidence does not support recovery
from both Major Help and its representative Berz and that assessing damages against both amounts
to a double recovery for