IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00295-CV

 

In the
Matter of the Marriage of

Nancy
Jeanette Saxon and

Albert
Bryan Lewter, Jr.

 

 



From the 170th District Court

McLennan County, Texas

Trial Court No. 2005-1594-4

 



ORDER










 

          Appellee has filed a motion to
disqualify Appellant’s counsel of record for this appeal.  The Court has
determined that a hearing is necessary to develop the facts necessary to
determine this motion.  

          Therefore, the Court refers this
motion to the trial court with instructions to hear evidence, make findings and
recommendations, and report them to the trial court clerk within 30 days from
the date of this Order.  Cf. Tex. R. App. P. 20.1 (h)(4) (referring a
contest of indigence to the trial court) and 29.4 (referring the enforcement of
temporary orders to the trial court).  Supplemental clerk’s and reporter’s
records are ordered to be filed within 45 days from the date of this Order.

                                                          PER
CURIAM

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Motion
referred to trial court

Order
issued and filed October 11, 2006

Do
not publish 






rif">Trial Court # 99-0468-PR1
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      Gregory Johnson appeals from a jury award of $25,000 and attorney’s fees of $7,000 relating
to the dissolution of a law firm partnership, Malone & Johnson, following the death of his partner
Lynn W. Malone. Johnson claims in five points that: (1) there is no evidence and factually
insufficient evidence to support the jury’s finding on the net worth of the partnership, (2) there is
no evidence and factually insufficient evidence to support the jury’s finding that Johnson owed
money to Malone’s estate, (3) the trial court erred in granting judgment on attorney’s fees against
Gregory Johnson because the jury was instructed to award attorney’s fees only if it found his
former wife, Aimee Johnson, liable, (4) the trial court erred in granting judgment for attorney’s
fees because the evidence does not support the judgment, and (5) the trial court erred in granting
judgment for attorney’s fees because there is no legal basis to award attorney’s fees on the claims
submitted to the jury. We affirm the judgment as modified.
ATTORNEY’S FEES
      In points three through five, Johnson contends that the trial court erroneously granted
judgment against him on attorney’s fees. Appellee Giotes concedes these points on appeal. 
Accordingly we sustain points three through five.
NO EVIDENCE AND INSUFFICIENT EVIDENCE
      Johnson contends in points one and two that there is no evidence and factually insufficient
evidence to support a jury finding on (1) the net worth of partnership and (2) whether Johnson
owed money to Malone’s estate.
      There are five different ways to preserve a no evidence point of error: (1) a motion for
instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the
submission of the issue to the jury; (4) a motion to disregard the jury’s answer to a vital fact issue;
or (5) a motion for new trial. Steve’s Sash & Door Co. v. Ceco Corp., 751 S.W.2d 473, 477
(Tex. 1988); Crow v. Burnett, 951 S.W.2d 894, 899 (Tex. App.—Waco 1997, writ denied). 
Johnson filed a motion for new trial but failed to address the issue of no evidence to support the
jury findings. Johnson did not utilize any of the other four preservation methods. As a result,
Johnson has failed to preserve his no evidence complaints.
      Giotes argues that Johnson’s factual sufficiency points are a disguised complaint that incorrect
legal issues were submitted in the court’s charge. We agree. While Johnson labels his points as
factual sufficiency points, the actual substance of his arguments attack alleged omissions and
commissions in the definitions and instructions that were submitted in the court’s charge. We
review the sufficiency of the evidence based on the charge which was submitted to the jury, not
the charge which should have been submitted to the jury. Osterburg v. Peca, 12 S.W.3d 31, 55
(Tex. 2000).
      A party that fails to object to a defective submission of a question waives complaint on appeal. 
Tex. R. Civ. P. 278; Green Int’l, Inc. v. Solis, 951 S.W.2d 384, 389 (Tex. 1997). A party who
is not relying on the question, instruction or definition, and fails to object to its omission from the
charge, waives complaint on appeal. Tex. R. Civ. P. 278; Doe v. Mobile Video Tapes, Inc., 43
S.W.3d 40, 50 (Tex. App.—Corpus Christi 2001, no pet.). Here, Johnson made no objections. 
Johnson has therefore failed to preserve his complaint.
      Accordingly we overrule points one and two.
CONCLUSION
      We modify the judgment to delete the recovery of attorney’s fees from Gregory Johnson.


 
We affirm the judgment as modified.

                                                             REX D. DAVIS
                                                             Chief Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed as modified
Opinion delivered and filed April 2, 2003
[CV06]